UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIPAT DOWNEY, et al.,

      Plaintiff,

v.                                       CASE NO.: 8:04-CV-1868-T-23MAP

HILLSBOROUGH COUNTY, FLORIDA,

      Defendant.
_____/

## **ORDER**

Plaintiffs, employed by the Defendant as Land Agents II or Senior Land Agents, seek compensation for overtime hours in excess of forty hours per week pursuant to the Fair Labor Standards Act. At this juncture, Plaintiffs seek entry of a court order compelling Defendant to respond to request for admissions one and to an interrogatory asking Defendant to provide all facts, all documents and witnesses supporting the denials of Plaintiffs' request for admissions. Because I find Plaintiffs' requests inappropriate, their motion is denied.

*Request for admissions one*

Plaintiffs' motion seeks entry of a court order compelling Defendant to respond to request for admissions one: "Admit that Plaintiff has not received compensation for all hours spent driving County vehicles during the relevant time period." Defendant, in response, admitted it had not paid Plaintiffs for time spent commuting to and from work, and otherwise denied the request for admission. According to Defendant, this request is a "re-hash" of issues repeatedly raised during deposition testimony. Consistent with the testimony, Defendant's response is that it did not pay Plaintiffs to commute to and from work in their County vehicles, though they did pay them for driving while at work once they arrived at their first job site. And Defendant claims that it cannot

provide any additional information by answering in a different manner.

Fed.R.Civ.P. 36(a) states in pertinent part that an answer to a request for admission must "specifically deny the matter *or* set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." (emphasis added). The rule further provides that "[i]f the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served." Nothing in the rule requires a party to explain why it is denying a request for admission. Requests for admissions are not discovery devices in the common sense. Rather, they are properly to be used only to avoid the necessity of proving issues which the requesting party will doubtless be able to prove. *Pickens v. Equitable Life Assurance Society of the United States*, 413 F.2d 1390 (5th Cir. 1969).

Interrogatories, on the other hand, are utilized to uncover relevant information which appears reasonably calculated to lead to the discovery of admissible evidence; interrogatories must call for matters of fact rather than legal opinions and conclusions. *California v. The Jules Fribourg*, 19 F.R.D. 432 (S.D. Cal. 1955). Though the Defendant has not argued so in this case, requests for admissions cannot be used to circumvent the maximum number of interrogatories; such a practice is an abuse of the discovery process. *See Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 663 (D. Kan. 1996) (interrogatories asking a party to provide 'all' facts in support of a negative proposition places an unreasonable burden on the party by requiring them to state all facts in support of a negative proposition which involves an inventory of evidence which opposing counsel would offer at trial to refute the claims of the responding party).

A request for admission as to a central fact in dispute is beyond the proper scope of normal discovery. *Pickens, supra.* Although some courts have held that a plaintiff may seek admission on

"ultimate facts," this Court concludes that Plaintiffs are not entitled to force Defendant to admit or deny their carefully phrased statement on a crucial issue in the case. *See In re Olympia Holding Corp.* 189 B.R. 846 (M.D. Fla. 1995) (finding requests for admission requiring defendant to admit a crucial issue in dispute and other requests seeking to elicit the same information indirectly were improperly propounded to force defendant to concede a highly contested factual issue prior to trial); *Minnesota Mining & Manufacturing Co. v. Norton Co.*, 36 F.R.D. 1, 3 (N.D.Ohio 1964).

*Interrogatory 1(a)*

Each Plaintiff propounded an identical interrogatory asking that for each request for admissions submitted that the Defendant has responded to with anything other than an unqualified admission, please provide "a. If the request is denied, all facts supporting the denial, all documents or witnesses that can support these facts; . . ." Defendant responded that it had already supplied this information in previous or current discovery responses, an answer that Plaintiffs find unsatisfactory. Some courts reviewing similar interrogatories aimed at requiring a party to explain denials to requests for admissions or to allegations pled in a complaint have found such inquiries unreasonably burdensome because requiring the responding party to research each and every denial made would require laborious time-consuming analysis and the burden to answer outweighs the benefit to be gained. *See Safeco of America v. Rawstron*, 181 F.R.D. 441, 447 (C.D. Cal. 1998) (finding that interrogatories that require a party to specify all facts, documents, and witnesses that support the denial of a statement or allegation of fact place an unreasonable burden on the responding party); *Lawrence, supra,* 169 F.R.D. at 663-64 (noting that lawyers often use contention interrogatories inappropriately and prematurely, apparently designed more to trap the opponent than to discover). That reasoning applies here, particularly since the Defendant's response pertains to the core issues.

For the foregoing reasons, it is hereby

ORDERED that:

1.  Plaintiffs' Motion to Compel Complete Responses to Interrogatories and Requests for Admission (doc. 33) is DENIED.

DONE AND ORDERED in chambers at Tampa, Florida on this 19th day of May, 2005.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE