UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIPAT DOWNEY, et. al.,

    Plaintiffs,

v.                            CASE NO. 8:04-CV-1868-T-23MAP

HILLSBOROUGH COUNTY,
FLORIDA,

    County.
_____/

## REPORT AND RECOMMENDATION

David Smith is one of several Plaintiffs seeking unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 201 *et seq.*, as amended. All worked for the Hillsborough County ("County") as land agents performing inspections and other related duties. The County has moved for summary judgment (doc. 40) as to all the Plaintiffs' claims, and the district judge, for the reasons he more fully explained in his order of referral, has referred to me for a report and recommendation only that part of the motion dealing with Smith's sole claim for thirty hours of unpaid non-drive overtime.[1] As to that claim, the County contends Smith cannot meet his burden of showing that the County's records were inaccurate or that he in fact performed the work for which he seeks compensation. After considering the summary judgment record, I agree and recommend the district judge grant summary judgment in favor of the County and against Smith on that specific claim.

---

[1] *See* (doc. 58). *See also* 28 U.S.C. § 636 and Local Rule 6.01(b).

*A. Standard of Review*

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.*

*B. Background*

Smith, an hourly employee, seeks 30 hours of overtime compensation for non-drive time between July 2001 and June 2003. No one, including Smith who signed the time sheets, recorded these hours. Notwithstanding the fact that Smith acknowledged and approved his hours, he now claims they do not accurately reflect the actual hours he worked because he sometimes put in an extra hour or so to finish a certain job. As he commented, "it was just part of getting the job done" (Smith deposition, page 13).

Years later, specifically March 2005, Smith claimed the County owed him 30 hours overtime. And he arrived at this figure, which he says is his "best estimate," by "think[ing] back on projects that I worked on and who I went to the field with to the best of my recollection" (Id. p. 14-15). Yet, he could not recall at his deposition any inaccuracies in his time sheets.

*C. Discussion*

When an employee claims he is owed overtime compensation that is not reflected on his time sheets, the employee has the initial burden to show the amount of hours he worked. *Anderson v. Mt.*

*Clemens Pottery, Co.*, 328 U.S. 680, 687 (1946). Generally, the employee meets this burden easily by securing his employer's records. But in instances where the employer's records are inadequate or inaccurate, *Anderson* permits the employee to meet his initial burden by "if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that worked as a matter of just and reasonable inference." *Id* at 687. The burden then shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn for the employee's evidence." *Id* at 687-688. If the employee falters here, the court then awards damages to the employee "even though the result may be only approximate." *Id* at 688.

Smith offers only his unsupported "best estimate" reached years later after thinking about the matter. He claims that this his memory alone is enough to create disputed issues of fact about his overtime claim. Surely, that cannot be enough. Applying *Anderson's* scheme, Smith fails to show in any measurable way the County's record were either inaccurate or inadequate. Conversely, that he signed and acknowledged his time sheets implies their accuracy and adequacy.[2]

*C. Conclusion*

Because Smith cannot meet his initial burden as a matter of law, it is

RECOMMENDED:

1. The County's Motion for Summary Judgment (doc. 40) be GRANTED as to Plaintiff David Smith's claim for thirty hours of unpaid "non-drive" time.

---

[2] Smith argues *Posada v. James Cello, Inc.*, 2005 WL 1390133 (11th Cir) supports his argument for denying the County's summary judgment motion. In *Posada* not only did the plaintiff testify that he worked overtime, so did his supervisor. In addition, the plaintiff demonstrated his overtime hours were actually written on the back of his timesheets, and that sometimes he received cash, but only at the straight pay rate. *Posada* describes the methods an employee can use to meet his initial burden where time sheets are deficient. Smith offers nothing like that.

IT IS REPORTED at Tampa, Florida on this 21st day of July, 2005.

                                                      */s/ Mark A. Pizzo*
                                                      MARK A. PIZZO
                                                      UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record